# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

               Plaintiff,      :      Case No. 1:13-cr-020
                                                   Also Case No. 1:16-cv-827

                                                   District Judge Susan J. Dlott
- vs -                                   Magistrate Judge Michael R. Merz

AARON M. FRYE,

               Defendant.     :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's[1] Motion To Vacate Judgment pursuant to 28 U.S.C. § 2255 (ECF No. 33), his Amendment to that Motion (ECF No. 35), the Government's Motion to Dismiss or Alternative Response (ECF No. 41), and Defendant's Reply (ECF No. 51).

Upon the retirement from active service of Judge Sandra S. Beckwith, the original trial judge in the case, it was reassigned to District Judge Susan J. Dlott (ECF No. 42) and by her referred to the undersigned (ECF No. 43).

---

[1] Mr. Frye captions his pleadings showing himself as "Petitioner" and the United States as "Respondent." Although a civil case is opened on the docket whenever a § 2255 motion is filed, the case is properly treated as continuation of the underlying criminal case. Mr. Frye will be referred to herein as "Defendant" and the case should remain captioned as above.

1

**Procedural History**

The grand jury for this District indicted Defendant on one count each of receipt and possession of child pornography (ECF No. 1). At arraignment on February 19, 2013, he pleaded not guilty (Minutes, ECF No. 9). Having waived speedy trial, he filed two motions to suppress through appointed counsel on April 15, 2013 (ECF Nos. 17, 18).

Thereafter on May 7, 2013, Mr. Frye entered into a written Plea Agreement with the United States under which he agreed to plead guilty to receiving child pornography with the possession charge being dismissed (ECF No. 19). The Agreement was pursuant to Fed. R. Crim. P. 11(c)(1)(C) and the parties agreed an appropriate sentence was 204 months. *Id.* at ¶ 7.

The next day a plea colloquy was held before Judge Beckwith who then entered notation orders treating the Motions to Suppress as withdrawn (ECF No. 22 and docketed notation orders). On September 18, 2013, Judge Beckwith sentenced Mr. Frye to 204 months imprisonment, the agreed term, having adopted the Presentence Investigation Report ("PSR") to which no objections had been made (Minutes, ECF No. 26). Mr. Frye took no appeal.

Judge Beckwith denied Mr. Frye's motion for appointment of counsel to pursue § 2255 relief finding he was not entitled to relief because his motion would be untimely (Order, ECF No. 32, PageID 128, citing *Ospina v. United States*, 386 F.3d 750 (6th Cir. 2004)). Mr. Frye nevertheless proceeded to file pro se August 9, 2016 (ECF No. 33).

# Analysis

Mr. Frye's Motion raises three claims of ineffective assistance of trial counsel, to wit, (1) failure to move to suppress the results of a search of a vehicle different from the one described in the search warrant being executed; (2) failure to move to suppress images found on a device incapable of accessing the Internet when the warrant's scope was limited to evidence of Facebook communication; and (3) allowing the Court to erroneously include a five-level enhancement in the Sentencing Guideline range for a pattern of activity (Motion, ECF No. 33, PageID 135).  In his Amendment, he adds a claim of ineffective assistance of trial counsel for failure to challenge probable cause for issuance of the November 16, 2012, search warrant (Amendment, ECF No. 35).

**Statute of Limitations**

Before obtaining review of the substance of any of these claims, Mr. Frye must overcome the barrier of the statute of limitations.  As Judge Beckwith noted and Defendant recognized, the one-year statute of limitations for a § 2255 motion runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

>governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court ...; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(Order, ECF No. 32, quoting 28 U.S.C. § 2255(f).)  She further found as a matter of fact that the judgment in this case became final when the time for appeal from the September 18, 2013, judgment expired. *Id.*  That would have been fourteen days later or October 6, 2013, under Fed. R. App. P. 4.  The statute of limitations would therefore have run one year later on October 6, 2014.  The instant motion was not filed until August 9, 2016, almost two years later.

Mr. Frye does not claim one of the later start dates under § 2255(f).  Instead he asserts he "reasonably understood the 'in custody' requirement for federal habeas corpus to mean 'in federal custody.'"  (Motion, ECF No. 33, PageID 130.)  Mr. Frye does not indicate where that understanding came from or why it should be treated as reasonable.  Did he acquire it from reading the statute or from another prisoner?  Did he speak with or read different sources?  He does not say.

Judge Beckwith determined the § 2255 Motion would be untimely by applying *Ospina v. United States*, *supra*.  In that case the defendant received a federal sentence which was to run consecutively to his state sentence and argued he was not in federal custody until he began to serve his federal time.  The Sixth Circuit rejected that argument, relying on its prior decision in *Ward v. Knoblock*, 738 F.2d 134 (6th Cir. 1984), that a person in state custody facing a consecutive federal sentence meets the custody requirement of § 2255.

Mr. Frye argues that "the *Ospina* holding is unfairly restrictive. It fails to consider the experience of a state prisoner attempting to represent himself on a federal case." (Motion, ECF No. 33, PageID 136.) Mr. Frye's legal assistant then proceeds to detail all the obstacles faced by an inmate in representing himself in court, but admits that those obstacles "appear[] . . .to be the law of the Sixth Circuit." *Id.* at PageID 137.[2] *Ospina* is indeed consistent with other published Sixth Circuit decisions holding that obstacles facing the incarcerated do not in themselves excuse procedural defaults, including missing the statute of limitations. *See*, *e.g.*, *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

Frye opines that, since *Ospina* is just case law, "it can be clarified in a precedent-setting decision. Petitioner Aaron Frye asks this court to require that courts warn federally-sentenced state prisoners that they have one year to file a habeas corpus challenge to their federal sentence, even if they are not yet in federal custody." This request bespeaks a misunderstanding of how precedent works. The District Judge to whom this case is assigned does not even have the power to compel her colleagues in the Southern District of Ohio to give such a warning, although presumably the judges could collectively adopt a local rule to that effect. Because *Ospina* is a published decision, even the Sixth Circuit cannot overrule it on appeal in this case unless that were done by the circuit court sitting *en banc*.

In sum, *Ospina* states the law with respect to the § 2255 statute of limitations for those under federal sentence consecutive to a state sentence. Judge Beckwith's Order applying *Ospina* here is the law of the case and Mr. Frye has not shown good cause to vary from that decision. This Court does not have authority to disregard a statute of limitations which plainly applicable and on which the United States relies.

---

[2] It there is any law contrary from other circuits, Frye fails to cite it.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the instant § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 27, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).