# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:13-cr-020
                                                    Also Case No. 1:16-cv-827

                                                     District Judge Susan J. Dlott
    -  vs  -                              Magistrate Judge Michael R. Merz

AARON M. FRYE,

                Defendant.      :

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Defendant's Motion for Reconsideration (ECF No. 55) of the final judgment in this case, dismissing his Motion to Vacate under 28 U.S.C. § 2255 with prejudice (ECF No. 54).

While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration under that name, Fed. R. Civ. P. 59(e) permits modification of a final judgment on motion "to alter or amend" if filed within twenty-eight days of the judgment. Mr. Frye's instant Motion was filed in time to be considered under that rule. A Rule 59(e) motion is a post-judgment matter to be considered by a magistrate judge on a report and recommendations basis under 28 U.S.C. § 636(b)(3).

On March 27, 2017, the Magistrate Judge recommended the § 2255 Motion to Vacate be dismissed with prejudice (Report, ECF No. 52). The Report contains a Notice that objections

must be filed within seventeen days. *Id.* at PageID 272. That made Mr. Frye's objections due to be filed by April 13, 2017.

> Frye's instant Motion observes the Notice regarding objections stated he
>> had seventeen days after being served to file his objections. The Report was filed on March 27, 2017. Depending on how "being served" is interpreted, Mr. Frye had until April 13, 2017, at the earliest, to file his objections. His objections were placed in the prison mailbox (using the legal mail system) on April 13, 2017. This can be verified.

(ECF No. 55, PageID 281.)

Under Fed. R. Civ. P. 5(b)(2)(C) service by mail is complete on mailing. The Report was mailed the same day it was filed, March 27, 2017. Therefore the latest, not the earliest, date on which objections could be filed was April 13, 2017.

Mr. Frye now says he deposited the Objections in the prison mail system on April 13, 2017. Although he claims this can be verified, he has provided no such verification and that date of mailing does not appear in the Objections themselves. Nonetheless, taking Mr. Frye at his word, he is entitled to a filing date of April 13, 2017, although the Court did not receive the Objections until later. *Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Because the Court did not consider the Objections in deciding the case, it should consider them now as part of deciding the instant Motion for Reconsideration.

**First Objection: Reasonable Belief that "in custody" Means "in federal custody"**

The Report concluded Mr. Frye's § 2255 Motion was barred by the statute of limitations because it was filed almost two years after the statute of limitations expired (Report, ECF No. 52, PageID 270). Mr. Frye claims he "reasonably believed" that his time to file would run from the time he entered federal custody, although he was already in state custody when his federal sentence was imposed. The Report questioned that proclaimed belief: "Mr. Frye does not indicate where that understanding came from or why it should be treated as reasonable. Did he acquire it from reading the statute or from another prisoner? Did he speak with or read different sources? He does not say." (Report, ECF No. 52, PageID 270.)

In his instant Motion, Mr. Frye asserts that there are three reasons that lead to the conclusion that one must be in federal custody to file a 2255:

> 1) The existence of separate custody requirements for 2254 (state custody) and 2255 (in custody under sentence of a court established by Act of Congress.)
>
> 2) The assertion that state time counts toward the one-year time limit can only be found in federal case law, which may not be available to state prisoners.
>
> 3) While serving state time prior to a consecutive federal sentence, the prisoner receives no credit toward his federal time, so it is logical to believe no other clocks are ticking.

(ECF No. 53, PageID 274.) These arguments miss the point. Mr. Frye claimed he had a reasonable belief, not that it would be reasonable for someone in his situation to have such a belief. The Report, once again, noted that Mr. Frye never said what beliefs he held on this subject, when he acquired them, or how he acquired them. Frye now objects that at some point

3

in his brief he asserted he had these beliefs (Objections, ECF No. 53, PageID 274). That still does not answer how and when he came by them. Without that information, these reasons look like post hoc rationalizations for late filing, rather than an explanation of how this litigant came to misunderstand the time requirements.

**Second Objection: "*Ospina* is Distinguishable from Mr. Frye's Case"**

While this case was still assigned to her, District Judge Beckwith decided Frye's 2255 Motion was untimely on the basis of *Ospina v. United States*, 386 F.3d 750 (6th Cir. 2004)(Order, ECF No. 32, PageID 128). The Report relied on *Ospina* to recommend dismissal, rejecting Mr. Frye's suggestion that this Court could set a new precedent requiring a warning about the statute of limitations (Report, ECF No. 52, PageID 271).

Frye attempts to distinguish *Ospina* on the grounds the petitioner there was somehow warned of the one-year deadline (Objections, ECF No. 53, PageID 275). However, this misconstrues the *Ospina* opinion. Ospina was already in custody when the AEDPA became effective (April 24, 1996) and adopted the one year time limit. Frye asserts "It is safe to assume that he [Ospina] was notified of the implementation of the time limit" *Id.* Why is it safe to make that assumption? Presumably Ospina labored under all the same limitations on information that applied to Frye.

Frye also argues "the case that provided the retroactive basis for Ospina's federal challenge, *Pryor v. United States*, 278 F.3d 612 (6th Cir. 2002), declared a specific deadline of May 19, 1999, to file for the relief Ospina sought." Frye again assumes Ospina knew that

4

deadline. But the *Ospina* court made no finding of fact about Ospina's knowledge, it merely found it had created a deadline which Ospina had missed.

**Third Objection: Reasonable Jurists Would Disagree about Whether Prisoners Sentenced to Federal Prison Terms Consecutive to State Terms Should Be Warned that the One Year Statute of Limitations May Expire While They are Serving Their State Sentences**

Mr. Frye's Third Objection relates to the Report's recommendation that a certificate of appealability should be denied. He notes that the Magistrate Judge

> does not include in his recommendation whether or not he believes a warning is warranted or fair. He states, instead, that the first tribunal with the power to hold that such a warning should be required is the 6th Circuit Court of Appeal en banc. [citation omitted] Mr. Frye respectfully requests that a certificate of appealability issue so that such a warning can be considered.

(Objections, ECF No. 53, PageID 276.) The Objections then provide a disquisition on the tradition of warning criminal defendants about their rights. *Id.* at PageID 276-78.

Mr. Frye mistakes the purpose of a certificate of appealability which is not to suggest to the court of appeals which cases they should take and what new rules they should adopt in those cases as a matter of policy. Rather, the function of the certificate is to act as a prerequisite to any appeal in a habeas case. Mr. Frye has not shown that any jurist has disagreed with the Magistrate Judge's conclusion that *Ospina*, as it stands, precludes this case.

**Conclusion**

The Objections do not show that there is error in the Report. Therefore Mr. Frye's Motion for Reconsideration, construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), should be DENIED.

May 5, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).