# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                  Plaintiff,         :      Case No. 1:13-cr-020

                                         District Judge Susan J. Dlott

- vs -                             Magistrate Judge Michael R. Merz

AARON M. FRYE,

                  Defendant.      :

---

# DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

---

This case is before the Court on Defendant's Motion for Reconsideration (ECF No. 55) of the Court's final judgment dismissing his Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 54). The Magistrate Judge has filed a Report recommending treating the Objections as a timely-filed motion to alter or amend under Fed. R. Civ. P. 59(e) and denying that motion (ECF No. 56). Defendant has objected to that Report (ECF No. 57).

The Court has reviewed the Report de novo in light of the Objections as provided in Fed. R. Civ. P. 72(b)(3). In his Objections, Defendant claims it is unfair that no one told him that his time to file a 2255 motion to vacate started to run from the date of federal sentencing even though a defendant must complete a state sentence first before coming into federal custody (ECF No. 57, PageID 288). The claim he wished to raise was ineffective assistance of trial counsel in litigating his federal search warrant issue and he learned, while in state prison, that an appeal was

not the best way to raise the claim, but that ineffective assistance of trial counsel could best be raised in a § 2255 motion. *Id.* He then read the statute and understood it to mean he had to be in federal custody to file a § 2255 motion. *Id.*

As pointed out in the Magistrate Judge's Report and Recommendations on the merits, this was a mistake of law. Frye claims it is unfair to hold his mistake of law against him because he did not have legal assistance at the time. It is unfortunately often the case that people make mistakes of law that have untoward consequences, but the general rule is that a mistake of law does not constitute an excuse. That general rule applies here. Moreover, to prevail on a motion to amend the judgment under Fed. R. Civ. P. 59(e), a party must show that the court made an error of law in the judgment. However, Mr. Frye has not done so. The judgment adopted the original Report of the Magistrate Judge which found that Sixth Circuit controlling precedent forecloses Mr. Frye's argument.

The motion to amend the judgment is DENIED.

May 22, 2017.

Susan J. Dlott
United States District Judge